IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, # B-30985, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-630-JPG |
| | ) |
| KIMBERLY BUTLER, PHELPS, | ) |
| MICHAEL AHRENDS, SGT. PELKER, | ) |
| SGT. BLEDSOE, MAJOR WESTFALL, | ) |
| C. ROTH, REDNOUR, | ) |
| SUSAN HILL, CHANDLER, | ) |
| ALEX JONES, SGT. EVOLDI, | ) |
| and MEZO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a frequent litigator in this Court who has accumulated three "strikes" under the provisions of 28 U.S.C. §1915(g), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that he is in imminent danger from his current cellmate. He is incarcerated at Menard Correctional Center ("Menard"), where he is serving a five-year sentence for intimidation, and four-year sentences for obstructing justice and fleeing a police officer.

Despite Plaintiff's repeated verbal and written requests to be moved, including filing several emergency grievances, Defendants have refused to move him away from his cellmate. The cellmate has made repeated threats to kill Plaintiff, and physically assaulted him twice. Plaintiff also alleges that he was housed with this cellmate in the first place in retaliation for having filed a recent lawsuit in state court against several Menard officers. Along with his complaint, Plaintiff has filed a motion for injunctive relief (Doc. 4), requesting an expedited

hearing to address this life-threatening situation.

More specifically, Plaintiff explains that on May 6, 2014, he filed a case in the Circuit Court of Randolph County, No. 14-MR-48, against Menard Warden Butler, and Officers Bledsoe, Pelker, and Mezo, who are all named as Defendants herein (Doc. 1, p. 7).  Those individuals have been served with summons.  On May 23, 2014, Defendant Mezo told Plaintiff, "we have a place for your ass since you like to sue us," and moved Plaintiff into Cell 813 on North 2 with inmate Tim Carlock.  *Id*.  Carlock occupied the low bunk in that cell, and Plaintiff has a low bunk permit due to his medical conditions.  After a guard intervened, Carlock moved to the top bunk, but immediately began to verbally threaten Plaintiff (Doc. 1, p. 8).  Carlock also told Plaintiff that the "police" had warned him they were putting a snitch into his cell and to "beat [his] ass."  *Id*.  Plaintiff has physical disabilities, stands 5 feet 9 inches tall, weighs 157 pounds, and is Caucasian.  Carlock weighs over 250 pounds, is over 6 feet tall, is a gang member, is African-American, and told Plaintiff that he has killed before (Doc. 1, pp. 8, 10).

On May 23, 2014, Plaintiff wrote letters to Defendants Butler, Jones, Westfall, Bledsoe, and Pelker, stating that Carlock had threatened his life.  He never received any response.

Starting on May 24, 2014, Carlock began taking Plaintiff's food trays and threatening to kill him if he said anything.  On May 27, 2014, while out of his cell for a hearing before this Court, Plaintiff informed Defendants Roth and Rednour of these threats and asked to be moved.  They took no action (Doc. 1, p. 9).  The next day (May 28), Carlock grabbed Plaintiff tightly by the throat.  Later that day, they were not allowed to go to yard, and Carlock again threatened to kill Plaintiff.  Plaintiff filed two emergency grievances that day, to Defendants Jones and Warden Butler, but has received no reply.

On May 29, 2014, Defendant Pelker refused to move Plaintiff and he filed another

emergency grievance, also getting no response.  At around 7:00 p.m. that day, after Plaintiff refused to give Carlock his food, Carlock struck Plaintiff on the side of the head, nearly knocking him unconscious (Doc. 1, p. 10).  Plaintiff suffered a brain injury in 2010, and fears this or future attacks will aggravate his condition.  Carlock screamed at Plaintiff and told him "either you move or I'm going to kill you." *Id*.

On May 30, 2014, Plaintiff declared a hunger strike and requested Defendant Chandler to send a crisis team member to see him because he feared for his life and felt suicidal.  This request was ignored.  The same thing happened with Defendant Phelps.  Defendant Counselor Hill came to Plaintiff's cell and he asked her for a crisis team visit; she promised to contact them.  Defendant Ahrends (mental health staff) then visited Plaintiff, and accepted two letters from Plaintiff (one each for Ahrends and Defendant Jones) detailing the assault and threats (Doc. 1, p. 11).  Carlock also told Defendant Ahrends to get Plaintiff out of there.  Defendant Ahrends promised to take care of Plaintiff's situation.  He returned to the cell at 1:30 p.m. that day and expressed concern as to why Plaintiff had not yet been moved (Doc. 1, p. 12).  Plaintiff filed two more emergency grievances that day to Defendant Butler, but got no response.  He verbally requested help from Defendant Evoldi, stating his life was in danger, but was ignored.  Plaintiff observes that just after Plaintiff made this request, Defendant Evoldi removed a different Caucasian inmate from a cell on his gallery after the inmate was beaten severely by his gang-affiliated cellmate (Doc. 1, p. 13).

Also on May 30, Defendant Phelps came to Plaintiff's cell and asked him, in front of his cellmate, about a detailed letter or grievance Plaintiff had filed.  Plaintiff asserts this was done to knowingly place him in danger.  Defendant Phelps then left without taking any action (Doc. 1, p. 13).

On May 31, 2014, Plaintiff begged Defendant Roth (who regularly works the gallery) to move him.  He responded that he had informed Defendant Pelker and it was out of his control.  *Id*.

Plaintiff claims that Defendants Mezo, Butler, Jones, Bledsoe, Pelker, and Phelps have conspired together to retaliate against him to place him in danger and keep him in his current unsafe situation, after Plaintiff filed the previously-mentioned state court suit.

**Motion for Leave to Proceed In Forma Pauperis (IFP) (Doc. 2)**

Based on the facts described in the complaint, the Court finds that Plaintiff has sufficiently alleged that he is currently in imminent danger of serious physical injury, and he shall be allowed to proceed with this claim at this time, even though he has "struck out" within the meaning of 28 U.S.C. § 1915(g).  The motion for leave to proceed IFP (Doc. 2) is **GRANTED**.  A separate order shall be entered detailing any payment that Plaintiff shall be required to make pursuant to § 1915(b).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Retaliation and conspiracy-to-retaliate claims, against Defendants Mezo, Butler, Jones, Bledsoe, Pelker, and Phelps, who purposely placed Plaintiff in a cell with a dangerous cellmate, after Plaintiff filed a lawsuit against several of these Defendants in state court;

**Count 2:**  Eighth Amendment claim against Defendants Butler, Jones, Westfall, Bledsoe, Roth, Rednour, Pelker, Chandler, Phelps, and Evoldi, for failure to protect Plaintiff from harm from his current cellmate.

However, Defendants Ahrends and Hill shall be dismissed from the action without prejudice. Both Defendants Ahrends and Hill took action to respond to Plaintiff's complaints and requests to be moved, thus, they were not deliberately indifferent to the danger he faced. The fact that their attempts were unsuccessful does not lead to liability on their part.

**Motion for Injunctive Relief (Doc. 4)**

Because Plaintiff alleges that he is still in the cell with the inmate who has assaulted him and threatened his life, this motion shall be referred to the United States Magistrate Judge to be addressed as soon as practicable.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

Defendants **AHRENDS** and **HILL** are **DISMISSED** from this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for injunctive relief (Doc. 4) is hereby **REFERRED** to **United States Magistrate Judge Philip M. Frazier**, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take appropriate steps in coordination with the U.S. Marshals Service, to effect expedited formal, **PERSONAL SERVICE** of summons, the complaint and this order upon the Defendants at their work

addresses, as provided by Plaintiff.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BUTLER, PHELPS, PELKER, BLEDSOE, WESTFALL, ROTH, REDNOUR, CHANDLER, JONES, EVOLDI,** and **MEZO**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 4), and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **BUTLER, PHELPS, PELKER, BLEDSOE, WESTFALL, ROTH, REDNOUR, CHANDLER, JONES, EVOLDI,** and **MEZO**, the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 4), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 5, 2014**

*s/J. Phil Gilbert*
United States District Judge
