IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL WIDMER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-630-JPG-PMF |
| | ) | |
| **KIMBERLY BUTLER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court for screening of plaintiff Michael Widmer's Amended Complaint and for ruling on motions seeking preliminary injunctive relief (Doc. Nos. 4, 19, 43). On June 5, 2014, Widmer was allowed to proceed in forma pauperis on retaliation/conspiracy claims (Count 1) and a failure to protect claim (Count 2). Two defendants (Ahrends and Hill) were dismissed at that time (Doc. No. 6). Widmer's original Complaint targeted the conditions he experienced while housed in cell 2-813 in the North Cell house at Menard Correctional Center. When the Amended Complaint was filed, proceedings were stayed pending additional screening (Doc. No. 42).

### I. Amended Complaint

Widmer filed the Amended Complaint as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. The Amended Complaint adds new factual allegations, new claims, and new parties. With screening pursuant to 28 U.S.C. § 1915A, the following Counts are identified:

**Count 1:** First Amendment retaliation and conspiracy-to retaliate against Mezo, Butler, Jones, Bledsoe, Pelker, Phelps, Anthony, Spiller, Baker, and Phillips;

| | |
|---|---|
| **Count 2:** | Eighth Amendment failure to protect from harm caused by a hostile cell mate against Butler, Jones, Westfall, Bledsoe, Roth, Rednour, Pelker, Chandler, Phelps, Evoldi, Anthony, Spiller, Baker, Warhausen, Hoppenstedt, Bennett, Brock, and Phillips; |
| **Count 3:** | Eighth Amendment by failing to obtain medical or mental health care against M. Baker, Sgt. Hoppenstedt, C/O Roth, Warhausen, Goetz, Phelps, Spiller, Anthony, Brock, and Bennett; |
| **Count 4:** | Fourteenth Amendment equal protection claim against Anthony; |
| **Count 5:** | Eighth Amendment claim against Butler, Jones, Westfall, Evoldi and Lindenberg for exposure to harsh conditions in strip cell N2503, causing dehydration; and |
| **Count 6:** | First Amendment claim against Lindenberg for denying access to the Courts through improper confiscation of legal mail. |

Count 5 should proceed but this Count should be limited to Lindenberg and Evoldi. The supporting factual allegations do not reasonably permit an inference that Butler, Jones, or Westfall were personally involved in the alleged misconduct (deprivation of water in cell N2503 during five days of hot weather). *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009)(public employees are not liable for the misdeeds of others).

Count 6 should be dismissed for failure to state a plausible claim for relief. This First Amendment claim is supported by a single sentence which does not relate facts describing a constitutional deprivation of meaningful access to the Courts, namely detriment to a legal claim. *Lewis v. Casey*, 518 U.S. 343, 346-48 (1996).

The new pleading demonstrates that Widmer was not under imminent danger of serious physical injury when he added new claims and new parties. Accordingly, a filing fee should be assessed at this time. Once the filing fee is paid, the Clerk should be directed to prepare notice and waiver of service of process forms and responsive pleadings should be ordered. 28 U.S.C. § 1915(g).

## II. Preliminary Injunctive Relief

Widmer's motions for preliminary injunctive relief pertain to the conditions he experienced between May 23 and June 22, 2014. The allegations in the Amended Complaint show that Widmer is no longer required to share a cell with Timothy Carlock, the individual identified as hostile and abusive in the original Complaint. Moreover, the Amended Complaint shows that prison administrators are planning to transfer Widmer to a different correctional facility. At this time, Widmer is assigned to the prison's health care unit. In these particular circumstances, the motions seeking injunctive relief are moot. *O'Shea v. Littleton*, 414 U.S. 488, 493-96 (1974)(past exposure to illegal conduct does not show a case or controversy regarding injunctive relief); *Higgason v. Farley*, 83 F.3d 807, 811(7th Cir. 1996).

IT IS RECOMMENDED that defendants Butler, Jones, Westfall be dismissed from Count 5. Count 6 should be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that a filing fee be assessed. The stay should remain in place until Widmer has paid the filing fee in full.

IT IS FURTHER RECOMMENDED that plaintiff's motions for injunctive relief (Doc. Nos. 4, 19) be declared moot.

SUBMITTED:   July 10, 2014  .

   s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**